SUSAN S. BROWNING *v.* RICHARD H. BROWNING *et al.*.

CHANCERY PLEADINGS AND PRACTICE. *Sale of minor's land. Guardian ad litem* A guardian *ad litem*, appointed in a pending suit by a third person against an infant, has no authority by filing his answer as a cross-bill to obtain the sanction of the court to an unauthorized sale of the infant's realty.

FROM HAYWOOD.

Appeal from the Chancery Court at Brownsville. H. J. LIVINGSTON, Ch.

E. J. & J. C. Read for complainant.

A. D. BRIGHT and THOMAS STEELE for defendants.

COOPER, J., delivered the opinion of the court.

The tract of land in controversy was owned originally by S. T., T. E. and George Blair, brothers, under a conveyance from their father, E. S. Blair. George Blair died leaving a widow, Nancy Blair, and one son George D. Blair. In this state of affairs, on August 1, 1871, S. T. Blair, T. E. Blair, Nancy Blair, and E. S. Blair, the latter probably acting for his grandson, George D. Blair, then an infant of tender years, seem to have entered into a contract with J. L. W. Browning, the husband of the complainant, Susan S. Browning, to sell him the tract of land for $3,824, for which J. L. W. Browning executed his three notes on time, one payable to E. S. Blair, S. T. Blair, T. E. Blair and Nancy Blair for $1,912, and two of them payable to S. T. Blair, Thomas Blair and Nancy Blair for $956 each. These notes are all dated August 1, 1871, and recite on their face that they are given for land that day bought by Browning from the payees, and for the payment of which a lien is retained on the land. At the time, a deed of conveyance of the land was drawn up between S. T. Blair, T. E. Blair, Nancy Blair and E. S. Blair of the first part, and J. L. W. Browning and Susan S. Browning, his wife, of the second part, whereby the parties of the first part, in consideration of $3,824 cash in hand paid, sell and convey the said

Browning *v.* Browning.

land to the parties of the second part and their heirs
forever, with covenants of seizin, right to convey and
against encumbrances, and with the further covenant of
general warranty of title. This deed, in the copy
exhibited in the record, is only executed by S. T., T.
E. and Nancy Blair, although the probate; shows also
an acknowledgment by E. S. Blair. There is no
doubt that it was part of the contract of the parties
that proceedings should be instituted in the chancery
court to perfect the title by procuring the sanction of
the court to the sale of the land on behalf of the
infant George D. Blair. Accordingly, on December
30, 1871, S. T. Blair, T. E. Blair and J. L. W.
Browning join in filing a bill in the chancery court
against Nancy Blair and George D. Blair for the pur-
pose, in which the contract is set out as having been
made between S. T. and T. E. Blair of the one part,
and J. L. W. Browning of the other part. The
prayer is that the contract of sale be confirmed, the
title of the land be divested out of the other parties
and vested in J. L. W. Browning, subject to a lien
for the balance of the purchase money unpaid. J.
L. W. Browning died in March, 1872, leaving sur-
viving his widow, Susan S., and several children. His
death was suggested, and the widow and children
brought before the court by *scire facias*. R. H.
Browning was appointed and qualified as administrator
of the estate of the deceased. During the progress of
this cause, the administrator paid so much of the pur-
chase money of the land as constituted the shares of
S. T. and T. E. Blair. The widow having expressed

Browning v. Browning.

her willingness to take the value of her dower interest in money, the value was ascertained to be $344, and this amount of the purchase money was also paid to her. The residue of the purchase money, upon calculation, was found to be on March 17, 1875, $865.10. The court had already declared its willingness to sanction the sale on behalf of the infant upon payment of the purchase money, but had reserved the confirmation until such payment. By this time, the estate of J. L. W. Browning had been exhausted, the land vesting in the widow by right of survivorship under the joint deed to her husband and herself. Under these circumstances, the court agreed to an extension of time for the payment of the share of the minor, upon the administrator giving his note with security for such balance of purchse money, reserving a lien on the land for its payment. The note was executed and made payable to the clerk and master of the court, who afterwards took judgment upon it, and thereupon the administrator obtained an order for the sale of the land in satisfaction thereof under the lien reserved. The original bill in the present cause was then filed by the widow, and further proceedings under the decree enjoined, upon the ground that she was no party to the suit in which they were had. The bill concedes that the infant George D. Blair has never parted with his title to one-third of the land, and prays, among other things, that his one-third interest be set apart to him. The answer of George D. Blair by his guardian *ad litem* was filed as a cross-bill for the purpose of securing his rights upon the facts. The

·chancellor held that the proceedings in the case of S. T. Blair *et al. v.* Nancy Blair and George D. Blair were null and void; that it was to the interest of the said George D. Blair to confirm the original sale to Browning upon the payment of the balance of the unpaid purchase money; and that this could be done in the present suit. He therefore rendered a decree in favor of George D. Blair for the balance of purchase money unpaid as ascertained in the former suit, with interest, declared the amount to be a lien on the whole land, and ordered the land to be sold in satisfaction thereof if the money was not otherwise paid. The widow, Susan S. Browning, alone appealed.

The original contract for the purchase of the land in 1871, was made by J. L. W. Browning, the husband, and he or his estate has paid all the purchase money that has been paid. The wife, Susan S. Browning, is a mere volunteer taking title stipulated for by the husband. Although she was never bound for the purchase money, she took the land subject to the lien for the purchase money: *Jackson* v. *Rutledge,* 3 Lea, 626; *Willingham* v. *Leake,* 7 Baxt., 453. The husband was well aware at the time of the defect in the title, and accepted a deed under a general covenant of warranty, and went into possession under it. It was a part of the contract of sale that proceedings should be instituted to perfect the title, and he himself joined in the suit which was afterwards brought for the purpose. Time, it has been expressly held, will be no objection to the specific enforcement of a contract for the sale of land during the

mutual forbearance of vendor and vendee on account of the embarrassment of the vendor's title: *Craig* v. *Leifer*, 2 Yer., 193. And the knowledge by the purchaser of the ground of embarrassment deprives him, and a volunteer under him, of all right to complain of the delay incident to its satisfactory removal, his possession not being disturbed: *Chadwell* v. *Winston*, 3 Tenn. Ch. 110; *McClure* v. *Harris*, 7, Heis., 379; *Mullins* v. *Aiken*, 2 Heis., 545. The purchaser cannot rescind if the title is perfected before final decree: *Winfrey* v. *Drake*, 4 Lea, 293. And the power of a court of chancery to consent to a sale of the infant's land is clear: *Elliott* v. *Blair*, 5 Cold., 185; Code, sec. 3323 *et seq.; Gray* v. *Barnard*, 1 Tenn. Ch. 298.

But the difficulty in this is that the Code, sec. 3323, *et seq.*, prescribes the mode in which the court of chancery may, for and on behalf of a person laboring under the disability of infancy, consent to and decree a sale of the property of an infant. The application, it is expressly provided, must be made by the "regular guardian" of the infant: Sec. 3324. The statute intended the delicate responsibility of initiating such proceedings should only be entrusted to a person legally bound to act for the benefit of the infant. A guardian *ad litem*. appointed to defend a pending suit is not entrusted with such a power. Whether the court of chancery, under its general jurisdiction, might be authorized to depart from the letter of the statute upon an application made by a father, or other near relation of an infant, in the capacity of next friend, it is not necessary to deter-

Browning *v.* Browning.

mine: *Mason* v. *Tinsley*, 1 Tenn. Ch., 154. It is
sufficient to say that the power is not vested in a
mere guardian *ad litem.*

It is obvious that the infant in the case before us
has never parted with his title to one-third of the
land in controversy. It is equally clear that the sale
which has been made of his share in the land may
be sustained by the court upon proper proceedings in
his behalf. There is a right of election as to the
relief which it would be most to the interest of the
infant to pursue. A regular guardian is the proper
person to make that election and initiate the necessary
proceedings to effectuate it. If it should be found for
the interest of the infant to take the land, the value
of the dower of the infant's mother should be deducted
from the rents recovered. If the election should be
to sanction the sale, the recovery could only be for
one-third of the purchase money of the land, after
deducting the value of the mother's dower, as was
done in this case.

The decree of the chancellor will be reversed, and
the cause remanded to the chancery court for further
proceedings in accordance with this opinion.

The costs of this court will be paid, one-half by
the complainant and the other half by the infant, the
latter amount to be paid out of the eventual recovery
in this case.